Michael B. Kramer [MK 7071]
mkramer@mkramerlaw.com
Rubin Jay Ginsberg [RG 8978]
jginsberg@mkramerlaw.com
MICHAEL B. KRAMER & ASSOCIATES
150 East 58th Street
New York, New York 10155
(212) 319-0304

*Attorneys for Plaintiff,*
*ABKCO MUSIC & RECORDS, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ABKCO MUSIC & RECORDS, INC.,                Case No.: 10-cv-3064(WHP)(DCF)

                                      Plaintiff,

    -against-


CHIMERON, LLC
                                    Defendant.
-------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

# TABLE OF CONTENTS

TABLE OF CASES..................................................................................ii

PRELIMINARY STATEMENT.............................................................1

ARGUMENT............................................................................................4

    I. The Introduction of Evidence Past the Six-Year Statute of Limitations is Unfairly Prejudicial, Would Confuse The Issues, and Mislead the Jury ...........................................................................................4

    II. No Mutual Open Account Exists Between The Parties Which Could Act To Toll The Running Of The Statute Of Limitations ....................9

    III. The Introduction of Evidence Past the Six-Year Statute of Limitations Would Cause Undue Delay and Would Be A Waste of Time..................................................................................11

CONCLUSION......................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

Luce v. United States, 469 U.S. 38, 105 S. Ct. 460, 83 L. Ed. 443 (1984)..........................4

Meloff v. New York Life Ins. Co., 240 F.3d 138 (2d Cir. 2001)........................................4

United States v. Figueroa, 618 F.2d 934 (2d Cir. 1980).....................................................8

Seaboard Coast Line Rail Road Co. v. Long Island Rail Road Co., 595 F.2d 96
  (2d Cir. 1979).................................................................................................................9

Rosenthal v. City of New York, 2011 U.S. Dist. LEXIS 101262
(S.D.N.Y. Sept. 6, 2011)....................................................................................................8

United States v. Ozsusamlar, 428 F. Supp. 2d 161 (S.D.N.Y. 2006)................................4

Cooper v. Sony Records International, 2001 U.S. Dist. LEXIS 16436 (S.D.N.Y.
2001)...............................................................................................................................5, 6

Quiroga v. Fall River Music Inc., 1995 U.S. Dist. LEXIS 2641 (S.D.N.Y. 1995).............5

Carter v. The Goodman Group Music Publishers, 848 F. Supp. 438 (S.D.N.Y. 1994).......5

Rodgers v. Roulette Records, Inc., 677 F.Supp.731 (S.D.N.Y. 1988).....................7, 9, 10

Levinson Steel Co. v. Schiavone Construction Co. Inc., 637 F. Supp. 164
(S.D.N.Y. 1986)..................................................................................................................9

Cusano v. Klein, 2002 U.S. Dist. LEXIS 28162 (C.D.C.A. 2002)...................................10

Forgione v. Collectables, Inc., 1990 US Dist. LEXIS 17420 (E.D.P.A.
1990).........................................................................................................................6, 7, 10

Kerr v. Brown, 283 A.D.2d 343, 725 N.Y.S.2d 564 (1st Dep't 2001)..........................4, 11

Thompson v. Whitestone Savings and Loan Assoc., 131 A.D.2d 749,
516 N.Y.S.2d 963 (2d Dept. 1987).....................................................................................6

Coles v. Wu-Tang Productions, Inc., 2007 Misc. LEXIS 238 (S. Ct. N.Y. 2007)..............5

**Statutes**

Fed. R. Evid.103(c), ..................................................................................................1

Fed. R. Evid. 403 ................................................................................................4, 11

New York Civil Practice Law & Rules § 213(2) ..................................................2, 4

# PRELIMINARY STATEMENT

Plaintiff, ABKCO Music & Records, Inc. ("Plaintiff" or "ABKCO"), respectfully submits this Memorandum of Law in support of its motion in limine, which seeks the entry of an order, inter alia, pursuant to Fed. Rule Evid. 103(c), barring the Defendant, Chimeron, LLC ("Defendant" or "Chimeron") from seeking to introduce testimony or evidence at trial, the purpose of which is:

(i) to call into question the amounts of or method of calculation of royalties allegedly payable to Chimeron by ABKCO arising out of the commercial exploitation in the United States and Canada of certain recordings (the "Recordings") owned by ABKCO embodying the performances of the 1960's recording group, "Herman's Hermits" (the "Hermits"); or,

(ii) to claim damages in respect of such royalties for any time period prior to October 6, 2002, as such testimony and evidence would only be possibly probative as to claims which are clearly barred by the applicable Statute of Limitations and are therefore inadmissible evidence at trial.

As discussed below, the introduction of any testimony or evidence concerning royalties allegedly earned prior to October 6, 2002 would be unfairly prejudicial to ABKCO, mislead the jury and would be a complete waste of the Court's time.

A cursory review of the Defendant's "audit report" which necessitated ABKCO commencing this declaratory judgment action and is the basis for Defendant's counterclaims, shows that Defendant seeks to assert in this action claims regarding the calculation of royalties in respect of the Recordings going back to 1966, a date more than 45 years ago. The accompanying affidavit of ABKCO's Chief Executive Office, Jody H. Klein, makes clear that: (i) at no time has Defendant ever brought an action against ABKCO for accountings or the payment of royalties;

1

(ii) the Defendant has been well aware for decades that no royalties were due to Defendant, owing to the fact that ABKCO had not recouped from those royalties a recoupable $500,000 royalty advance (the "Guarantee") made to the Defendant (or its individual members) in 1966; (iii) when requested by Defendant in the past, ABKCO has furnished to Defendant, or its representatives, sales statements and status position with regard to the Recordings and the recoupment of the Guarantee; (iv) Defendant's claims include a claim for royalties stemming from alleged sales between 1966 and 1973, a period when a third party company, MGM Records, was exploiting the Recordings and that such claim against MGM was expressly released by Defendant after litigation with MGM in the 1970's, a date which predated ABKCO acquiring MGM's interest in the Recordings; and, (v) despite the fact that Defendant is precluded from asserting claims for royalties prior to October 6, 2002, ABKCO has always given full credit to the Defendant for the exploitation of the Recordings.

Notwithstanding the foregoing it is clear, however, that the application of statute of limitations prevents the Defendant from raising any claims as to ABKCO's method of accounting and/or for theoretical sales of phonograph records made from the Recordings during the period of time preceding October 6, 2002.

It is a matter of well-settled law that claims for music publishing and/or recording royalty accountings and/or damages stemming from incorrectly rendered, <u>or even non-rendered</u>, royalty accountings must be commenced within the applicable Statute of Limitations for breach of contract claims, which, in New York, is six (6) years CPLR §213(2). Here, while Defendant's counter-claims were filed in September of 2010, a tolling agreement exists between the parties that tolls the running of the statute of limitations on Defendant's claims as of October 6, 2008 and, using the six (6) year time period under CPLR §213(2), precludes any claim by

Defendant prior to October 6, 2002. Consequently, all claims Defendant may have had as to alleged failures by ABKCO to properly account for royalties to Defendant are limited to those that post-date October 6, 2002.

For the reasons stated herein, together with those contained in the affidavit of Mr. Klein and exhibits submitted herewith, ABKCO's motion should be granted in all respects. The Court is respectfully submitted to the aforesaid affidavit and exhibits for a full recitation of the facts underlying this action, such facts not being fully repeated herein.

# ARGUMENT

## I. The Introduction of Evidence Past the Six-Year Statute of Limitations is Unfairly Prejudicial, Would Confuse The Issues, and Mislead the Jury.

It has long been recognized that "[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41, 105 S. Ct. 460, 463, 83 L. Ed. 443, 447 (1984). A motion in limine is used to allow a court to rule on the admissibility of potential evidence in advance of trial. United States v. Ozsusamlar, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006) (citing Luce, *supra*). Moreover, a trial judge has broad discretion in determining what is admissible or inadmissible. Meloff v. New York Life Ins. Co., 240 F.3d 138, 148 (2d Cir. 2001).

Pursuant to Fed. R. Evid. 403, relevant evidence is admissible so long as its probative value is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Here, the introduction of evidence regarding the method or accuracy of Plaintiff's computation of royalties allegedly due the Defendant for any period prior to October 6, 2002 violates numerous protections provided by Rule 403. As will be discussed below, the introduction of such evidence would be unfairly prejudicial, confuse the issues, and mislead the jury. Moreover, it would cause undue delay and be a waste of time as Defendant's are barred from recovering on any claim for monies or credits in respect of royalties from the exploitation of the Recordings by ABKCO beyond New York's six (6) year limitation period. See, New York Civil Practice Law & Rules (C.P.L.R.) § 213; Kerr v. Brown, 283 A.D.2d 343, 345, 725

4

N.Y.S.2d 564 (1st Dep't 2001); Coles v. Wu-Tang Productions, Inc., 2007 Misc. LEXIS 238 (S. Ct. N.Y. 2007) (holding that a musician could only recover for breaches of contract that occurred up to six years before commencement of the action).

This case certainly does not pose any issue of first impression. Almost two (2) decades ago, a court sitting in this very district dealt with this same issue. In Carter v. The Goodman Group Music Publishers, 848 F. Supp. 438 (S.D.N.Y. 1994), the court explained that:

> "Plaintiffs have not produced any evidence creating a material issue of fact regarding the timeliness of their breach of contract claim. The undisputed facts presented by defendants clearly establish that the two composers knew that they were not receiving royalties due to defendant's interpretation of the various agreements between them and chose not to challenge defendants' actions. . . . Since the applicable statute of limitations for breach of contract is six years, any claim against defendants for their failure to pay royalties. . . has long expired."

Id at 444.

Similarly, only one (1) year after the ruling in Carter, another court sitting in this district found in another royalty accounting action that:

> "Under Claim I of the Complaint, Quiroga asserts a breach of contract based on Fall River's failure and refusal to provide statements of account since 1984 and failure to make royalty payments since 1977. Quiroga demands a full accounting for monies received by Fall River and the payment of royalties. . . . The parties agree that this breach of contract claim is governed by New York's six-year limitations period. CPLR 213(2). . . . Accordingly, the statute of limitations bars the claims for royalties, accountings, and for a declaratory judgment based on the contract."

Quiroga v. Fall River Music Inc., 1995 U.S. Dist. LEXIS 2641, *11 (S.D.N.Y. 1995).

More recently, in 2001, yet another court in this district once again confronted similar issues in Cooper v. Sony Records International, 2001 U.S. Dist. LEXIS 16436 (S.D.N.Y.

5

2001). Cooper dealt with the application of the statute of limitations in the context of a copyright infringement action, and a plaintiff's claim that the statute of limitations should be tolled. In Cooper, the court noted that, "Plaintiffs contend that up to and including 1999, Defendant, in its semiannual accounting statements, improperly indicated that it had **not** recouped the advances it had made to Plaintiff's with respect to either the Masters or the Second Option Masters. . . ." Cooper, 2001 U.S. Dist. LEXIS 16437, *6 (emphasis in original). Moreover, the Court also summarized the Defendants argument as follows: "Defendant maintains that Plaintiff's copyright infringement claim can date back only to March 5, 1996, because of the parties entered into an agreement to toll the statute of limitations as of March 5, 1999. . . ." Id., fn. 5. After considering the parties arguments, the court ruled that:

> "Plaintiffs' complaint fails to adequately plead the second and third tolling elements. Plaintiffs have not adequately alleged either 'an inability to discover the . . . claim' or their 'reasonable diligence' to discover Defendant's alleged wrongdoing. . . For example, there are no allegations that Plaintiff ever questioned the royalty statements or sough to inspect or audit Sony's books. Rather, 'Third World merely alleged that it was not aware of its claim because Sony issued 'false and misleading royalty statements' that failed to reflect Third World's recoupment of certain advanced monies. . . .'"

Id. at *10-11; See generally, Thompson v. Whitestone Savings and Loan Assoc., 131 A.D.2d 749, 516 N.Y.S.2d 963 (2d Dept. 1987) (finding that the application of the statute of limitations precluded plaintiffs from challenging the propriety of charges placed on their accounts outside the six year limitations period).

Courts sitting outside this district have applied the same rule as concerning royalty accountings and the applicable statutes of limitations. See e.g., Forgione v. Collectables, Inc., 1990 US Dist. LEXIS 17420 (E.D.P.A. 1990). In Forgione, the court found that:

6

> "Collectables (Defendant) and its predecessors unquestionably have ignored their ongoing contractual obligations to pay the plaintiffs net royalties. . . .The plaintiffs clearly were and are owed royalties, but the defendants have not paid them. . . .
>
> . . . .[P]laintiffs reasonably should have discovered the fact and cause of injury well before 1985. First, Greene [a Defendant] has failed altogether to render the accounting which he twice had promised to perform in 1968 and which he was contractually bound to make. From that alone the plaintiffs should have investigated the status of their royalty earnings. Nothing could be a manifest indication that the defendants were not fulfilling their contract, duties. . . .
>
> The Court always finds it troubling to enforce the statute of limitations. . . . But. . .the plaintiffs should have been even more vigilant in protecting themselves and should have been aware of the wrong long ago."

Id. at 14-22.

The firm application of the six-year statute of limitations in royalty accounting actions is required because to do otherwise "would work an unfair hardship on defendants since they would be potentially liable for wrongs committed in the distant past, and thus, the very purposes of the statute of limitations would be undermined." Rodgers v. Roulette Records, Inc., 677 F.Supp.731, 736 (S.D.N.Y. 1988) (finding that "[f]or these reasons, defendants [sic] motion is granted and the six year statute of limitations applies to each of the royalty statements; plaintiffs are precluded from suing on statements issued or due to be issued prior to November 30, 1978.").

To extend the statute of limitations beyond six years in the context of a royalty accounting action "would eliminate a defendant's 'reasonable expectation that the slate has been wiped clean of ancient obligations' and would undermine the principle that defendant 'ought not to be called on to resist a claim where the evidence has been lost, memories have faded, and witnesses have disappeared." Id. Such is the case in this action. Incredibly, the Defendant seeks

7

to raise claims going back to 1966 and include claims relating to a seven year period when a third party (MGM), and not ABKCO, was exploiting the Recordings and had the obligation to pay to the Defendant any royalties due to Defendant. Moreover, Allen Klein and Mickie Most who negotiated the agreements regarding the Recordings have passed on. Even one of the Hermits has passed away.

In the current action, the introduction of any testimony or evidence of alleged failures to properly pay or credit royalties beyond the six-year statute of limitations during the trial of this action would be of no relevance, since it relates to claims that are clearly barred. Moreover, ABKCO would be unfairly prejudiced in having to defend against testimony and/or evidence of alleged breaches that occurred more than forty (40) years ago. See, Rosenthal v. City of New York, 2011 U.S. Dist. LEXIS 101262, *5 (S.D.N.Y. Sept. 6, 2011) ("Evidence is unfairly prejudicial if it 'tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.'") (quoting United States v. Figueroa, 618 F.2d 934, 943 (2d Cir. 1980). Indeed, ABKCO would be defending against claims upon which, for the reasons set-forth above, Defendant cannot recover. Moreover, testimony about alleged breaches of contract past the applicable six-year period could cloud the issues in members of the jury's minds and provide a basis for forming an undue bias against ABKCO.

It is also important to note that the issues in this action are based upon the absurd claims contained in a report by Defendant's accounting firm, Prager & Fenton (the "Report"), dated March 17, 2010, that was commissioned by Defendant. The Report contains over fifty (50) pages of data, the analysis of which will already be a formidable task for any member of the jury. Forcing the jury to sift through reports for periods prior to the October 6, 2002 would be

8

misleading and would confuse the issues. Evidence beyond this period could also be unfairly prejudicial to ABKCO as the jury could use such evidence as a basis for rewarding Defendant monies to which it is not entitled. For these reasons, Defendant should not be allowed to submit any evidence of any alleged failures to properly compute, pay or credit royalties past October 6, 2002 preclusion date.

## II. No Mutual Open Account Exists Between The Parties Which Could Act To Toll The Running Of The Statute Of Limitations

Defendant subtly asserts that there exists between the parties a mutual open and current account. Defendant does not expressly extend that assertion to claim that there has been a tolling the six (6) year statute of limitations, but because there was no open account such a claim would be devoid of merit.

"A mutual running account exists only where there is an express or implied agreement between two parties to set off their mutual debts against each other." See, Rodgers v. Roulette Records Inc., supra, at 735 (citing to Levinson Steel Co. v. Schiavone Construction Co. Inc., 637 F. Supp. 164, 167 (S.D.N.Y. 1986); Seaboard Coast Line Rail Road Co. v. Long Island Rail Road Co., 595 F.2d 96, 100 (2d Cir. 1979).

Notably, where there are no new debits and credits flowing by and between both parties to a mutual open account, such mutual open account ceases to exist. In this regard it has been found that:

> ". . . it appears that defendants have not debited plaintiff's account since the early sixties. Since that time, the only activity on the account has been credits to plaintiff. An account which has only credits and no offsetting debits is not a mutual account. *Green v. Disbrow, supra,* 79 N.Y. at 9. The lack of offsetting debits and credits in the statutory period negates the existence of a mutual account. A finite series of debits followed by an indefinite series of credits does not constitute a mutual, open and current account.

9

> Plaintiff's argument that such an account exists between the parties would have the effect of tolling the statute of limitations into the indefinite future since no 'last' transaction would ever take place between the parties. Such a result would work an unfair hardship on defendants since they would be potentially liable for wrongs committed in the distant past and, thus, the very purposes of the statute of limitations would be undermined."

Rodgers, *supra*, at 736.

Similarly, it has been explained "A mutual account is one that reflects a series of unfinished money transactions between two parties that contains items of both debits and credits. .... Because the evidence does not preponderate toward the conclusion that the defendants have entered a debit since the late 1960's however, one no longer exists. ... The plaintiffs attempt to distinguish Rodgers on the ground that the defendants here seek recoupment. Yet, the defendants' only claimed offset, which was overstated by a factor of ten or so, is based on recording costs incurred in 1968. ... From all indications, the account with respect to debits was dormant after that time for at least ten years." See, Forgione v. Collectables, Inc., supra.; See also, Cusano v. Klein, 2002 U.S. Dist. LEXIS 28162 (C.D.C.A. 2002) (finding that no mutual open current account existed because "Cusano has not established that the account was 'mutual', Instead, the credits ran only from Polygram to Cusano.").

Here, as in Rodgers and Forgione, there have not been any mutual debits and credits being given between the parties during the statutory period. To the contrary, there were only the $500,000 guarantee from 1966 that was a debit to the Defendant's account and since that time there has been nothing but a slow string of credits in favor of Defendant arising from royalties earned from the exploitation of the Recordings in the United States and Canada. Accordingly, no current mutual open account exists between the parties.

### III. The Introduction of Evidence Past the Six-Year Statute of Limitations Would Cause Undue Delay and Would Be A Waste of Time

Fed. R. Evid. 403 also bars the admission of evidence that would needlessly cause undue delay and waste the Court's time. As described in detail above, Defendant can only recover, if at all, for the period subsequent to October 6, 2002. [1] E.g., Kerr v. Brown, 283 A.D.2d at 345. Accordingly, it is obvious that the admission of relevant evidence prior to that period would be a waste of the Court's, the members of the jury, and the parties' time and cause undue delay. Simply put, there is no justifiable reason that Defendant should be able to admit evidence from a period that it is barred from recovering any monies. Such production could potentially add hours, if not days, to the trial and would simply waste both the Court's and the parties' time and resources.

Based upon the foregoing, it is respectfully submitted that the admission of evidence or testimony prior to October 6, 2002 would be a violation of New York's six-year statute of limitations, would violate the tenets of Rule 403 and therefore should be deemed inadmissible.

---

[1] As the Defendant, even during the time period not barred by the statute of limitations, had not earned the full Guarantee and remained in an unrecouped position, any accounting inaccuracy would only result in a reduction of the unrecouped balance and not in a monetary recovery.

11

## CONCLUSION

For the reasons set forth herein, it is respectfully submitted that the instant motion be granted in all respects together with such other relief as the Court may deem just and proper.

Dated: New York, New York
    January 3, 2012

_____
Michael B. Kramer [MK 7071]
Michael B. Kramer & Associates
150 East 58th Street, 12th Floor
New York, New York 10155
mkramer@mkramerlaw.com
212-319-0304